UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TIMOTHY EUGENE KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:17-cv-01331 |
| | ) | CHIEF JUDGE CRENSHAW |
| STEVE R. DOZIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Timothy Kelly is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He has filed this action pursuant to 42 U.S.C. § 1983 against Steve Dozier, a Criminal Court Judge in Davidson County, J. Wesley King, a Davidson County prosecutor, and three Davidson County attorneys (Elaine Heard, Jessica Van Dyke and William Griffith) appointed to represent the Plaintiff during his criminal prosecution, seeking injunctive relief.[1]

A jury in Davidson County found the Plaintiff guilty of aggravated robbery (3 counts) and misdemeanor assault. For these crimes, he received an effective sentence of thirty eight (38) years in prison. State v. Timothy Eugene Kelly, Jr., 2013 WL 6055077 (Tenn. Crim. App. Nov. 15, 2013). The Plaintiff alleges that he was unable to obtain a transcript of his sentencing hearing. (Doc. No. 1 at 2.) This failure had an adverse effect on the appeal of his convictions. (Id.) He maintains that the state should have provided him with the transcript and that his attorneys were negligent for proceeding on appeal without the transcript. (Id at 4-5.) The Plaintiff believes that the refusal to

---

[1] The injunctive relief sought is a transcript of Plaintiff's sentencing hearing or, in the alternative, a new trial or plea agreement. (Doc. No. 1 at 3).

1

provide him with the transcript served to deny him due process and the equal protection of the law. (Id at 2.)

In essence, the Plaintiff is alleging that his inability to file an effective and meaningful appeal using the transcript of his sentencing hearing interfered with his ability to attack the validity of his convictions. A challenge to the validity of any confinement or to the particulars affecting its duration are within the sole province of habeas corpus. Muhammad v. Close, 540 U.S. 749, 750 (2004). When success in a § 1983 prisoner action would implicitly question the validity of a conviction or duration of sentence, the prisoner must first successfully pursue his state or federal habeas corpus remedies, i.e., the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).

Nowhere in the complaint does it suggest that the Plaintiff has already successfully tested the validity of his convictions and the duration of his confinement in either a state or federal court. The Plaintiff cannot seek injunctive relief relating to his criminal conviction in a § 1983 action. Nelson v. Campbell, 541 U.S. 637, 643 (2004); see also Woods v. Clocum, 2011 WL 1884181 at 2 (E.D. Mich. May 18, 2011) (Heck barred a claim that the plaintiff had been denied access to his trial transcripts and other records from his criminal conviction). Therefore, the Plaintiff's claims are not yet cognizable in a § 1983 action. In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE